UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Claire J. Lee,  Case No. 23-cv-2652 SRN/DJF

          Plaintiff,

v.

The City of Bloomington, Bloomington HRA,
Premier Properties, Andrew Akins, and
Housing and Urban Development,

          Defendants.
_____

**CITY OF BLOOMINGTON AND BLOOMINGTON HRA'S
ANSWER TO FIRST AMENDED COMPLAINT**
_____

For its Answer to Plaintiff's First Amended Complaint, Defendants City of Bloomington and Bloomington HRA ("the City") state as follows:

1. Unless hereafter admitted, qualified, or affirmed, the City denies each and every matter, thing, and particular alleged in Plaintiff's First Amended Complaint.

2. With respect to the allegations contained in the Introduction of Plaintiff's First Amended Complaint, the City denies said allegations. The City further states Plaintiff has misstated and misrepresented the facts regarding her interaction with the City.

3. With respect to the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, the City admits jurisdiction is proper in Minnesota Federal District Court. The City further admits and states Plaintiff has not brought a proper cause of action.

4. With respect to Paragraphs 2 and 3 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

5. With respect to Paragraph 4 of Plaintiff's First Amended Complaint, the City admits the address for the City is correct and the Inspections Department is a division of the Community Development Department. The City denies remaining allegations contained in this Paragraph.

6. With respect to Paragraph 5 of Plaintiff's First Amended Complaint, the City admits the address of the Bloomington HRA is correct. The City further admits the Bloomington HRA receives federal money and conducts recertifications and inspections. The City denies any remaining allegations.

7. With respect to Paragraphs 6 and 7 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

8. With respect to Paragraphs 8 to 21 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

9. With respect to Paragraph 22 of Plaintiff's First Amended Complaint, the City denies said allegations.

10. With respect to Paragraphs 23 to 29 of Plaintiff's First Amended Complaint, the City admits it received a Complaint regarding fly infestation and smells. The City further admits it knocked on the door, but no one answered. The City inspectors did not enter Plaintiff's apartment. The City denies the remaining allegations.

11. With respect to Paragraphs 30 to 54 of Plaintiff's First Amended Complaint, the City denies said allegations.

12. With respect to Paragraphs 55 to 62 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

13. With respect to Paragraph 63 of Plaintiff's First Amended Complaint, the City denies said allegations.

14. With respect to Paragraphs 64 to 68 of Plaintiff's First Amended Complaint, the City denies said allegations.

15. With respect to Paragraphs 69 to 76 of Plaintiff's First Amended Complaint, the City denies said allegations.

16. With respect to Paragraphs 77 to 81 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

17. With respect to Paragraphs 82 and 83 of Plaintiff's First Amended Complaint, the City denies said allegations.

18. With respect to Paragraphs 84 to 88 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

19. With respect to Paragraphs 89 to 95 of Plaintiff's First Amended Complaint, the City denies said allegations.

20. With respect to Paragraphs 96 to 101 of Plaintiff's First Amended Complaint, the City denies said allegations.

21. With respect to Paragraphs 102 to 107 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

22. With respect to Paragraph 108 of Plaintiff's First Amended Complaint, the City denies there is a viable conversion claim.

23. With respect to Paragraphs 109 to 113 of Plaintiff's First Amended Complaint, the City denies said allegations.

24. With respect to Paragraphs 114 to 117 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

25. With respect to Paragraphs 118 to 123 of Plaintiff's First Amended Complaint, the City denies said allegations.

26. With respect to Paragraphs 124 to 130 of Plaintiff's First Amended Complaint, the City denies said allegations.

27. With respect to Paragraphs 131 to 136 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

28. With respect to Paragraphs 137 to 157 of Plaintiff's First Amended Complaint, the City denies said allegations.

29. With respect to Paragraphs 158 to 163 of Plaintiff's First Amended Complaint, the City is without sufficient information to admit said allegations and, therefore, denies said allegations and demands strict proof thereof.

30. The City specifically denies the relief requested by Plaintiff in her First Amended Complaint.

## AFFIRMATIVE DEFENSES

31. The City affirmatively alleges Plaintiff's First Amended Complaint fails to state a cause of action for claims upon which relief can be granted.

32. The City specifically denies the City of Bloomington or the Bloomington HRA have a custom, policy, or practice which would be violative of an individual's constitutional rights.

33. The City affirmatively alleges Plaintiff's claims are barred by the doctrines of laches and unclean hands.

34. The City affirmatively alleges Plaintiff's claims are barred by the doctrines of statutory, official and qualified immunity.

35. The City affirmatively alleges Plaintiff's First Amended Complaint fails to allege the possession of a protected life, liberty, or property interest.

36. The City affirmatively alleges Plaintiff failed to exhaust her available administrative and state law remedies.

37. The City affirmatively alleges it was, at all times material hereto, acting pursuant to its police power, or with authority delegated to it, with a good faith belief its conduct was lawful, constitutional, proper, and pursuant to probable cause.

38. The City affirmatively alleges all injuries and damages complained of by Plaintiff, to the extent not caused by Plaintiff's own fault, were proximately

caused by the fault of third persons over whom the City exercised no control or right of control and for whose conduct the City is not responsible or liable.

39. The City is without sufficient knowledge to form a belief as to the truth of Plaintiff's alleged damages and, therefore, denies the same and demands strict proof thereof.

40. The City affirmatively alleges Plaintiff failed to mitigate her purported damages.

41. The City joins in Plaintiff's request for a jury trial.

**WHEREFORE**, the City respectfully requests the Court:

1. Dismiss Plaintiff's First Amended Complaint with prejudice;

2. Award the City its reasonable costs, disbursements and attorney's fees pursuant to 42 U.S.C. § 1988; and,

3. For such other relief as the Court may deem just and equitable.

Dated: February 27, 2024         s/Jason J. Kuboushek
                                 Jason J. Kuboushek, #0304037
                                 IVERSON REUVERS
                                 9321 Ensign Avenue South
                                 Bloomington, MN  55438
                                 (952) 548-7200
                                 jasonk@iversonlaw.com
                                 *Attorneys for the City of Bloomington and Bloomington HRA*