UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| Claire J. Lee, | Case No. 23-cv-02652-SRN-DJF |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS PREMIER PROPERTIES AND ANDREW AKINS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| City of Bloomington, Bloomington HRA, Premier Properties, Andrew Akins, and the United States Department of Housing & Urban Development (HUD), | |
| Defendants. | |

COMES NOW, Defendants Premier Properties and Andrew Akins (hereinafter sometimes referred to as "Defendants"), as and for their Answer to Plaintiff's First Amended Complaint ("the Complaint"), state and allege as follows:

1. Defendants deny each allegation in the Complaint except as hereinafter admitted, qualified, or otherwise answered.

2. No response is required to the "Introduction" of the Complaint as it is a narrative, calls for legal conclusions, and contains legal arguments. If a response is deemed required, Defendants deny the "Introduction" and put Plaintiff to her strict burden of proof relative thereto. Defendants specifically deny any discrimination, retaliation, harassment, defamation, extortion, or other improper or illegal conduct by Defendants, as well as deny Plaintiff's alleged damages.

3. No response is required to Paragraph 1 of the Complaint as said paragraph calls for a legal conclusion. If a response is deemed required, Defendants deny the allegations and put Plaintiff to her strict burden of proof relative thereto.

4. Regarding the allegations in Paragraph 2 of the Complaint, Defendants admit Plaintiff resides at Lyn Villa Apartments as alleged. Defendants are without sufficient information to admit or deny the remaining allegations and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

5. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 3 – 5 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

6. Regarding the allegations in Paragraph 6 of the Complaint, Defendants admit that Premier Properties Management Company and Premier Properties, LLC (together referred to as "Premier Properties"), Registered Office Address of 5416 W. 70th Street #8, Edina, MN 55439, is the property manager for Lyn Villa Apartments and that Andrew Akins is an owner of Premier Properties. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants are without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

8. Regarding the allegations in Paragraph 8 of the Complaint, Defendants admit Plaintiff moved into the Lyn Villa Apartments in or about June of 2016. Defendants further admit that in or about May 2016, Bloomington HRA denied Plaintiff voucher for a two-bedroom unit. Defendants assert that any referenced documents speak for themselves, and deny any allegations contained in Paragraph 8 inconsistent with the documents. Defendants

are without sufficient information to admit or deny the remaining allegations in Paragraph 8 and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

9. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 9 – 12 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto. Defendants specifically deny any discrimination, retaliation, harassment, defamation, extortion, or other improper or illegal conduct by Defendants, as well as deny Plaintiff's alleged damages.

10. No response is required to Paragraph 13 of the Complaint as said paragraph is a narrative and does not contain specific allegations against any party. If a response is deemed required, Defendants deny the allegations and put Plaintiff her strict burden of proof relative thereto.

11. Regarding the allegations in Paragraphs 14 – 15 of the Complaint, Defendants admit a letter was sent to residents in or about May 2020 regarding fuse box changeout. Further, to accommodate Plaintiff and based on her agreement and direction, said changeout in her apartment was performed on April 28, 2021. Defendants deny any allegations contained in Paragraphs 14 – 15 that are inconsistent with related documents and deny the remaining allegations in Paragraphs 14 – 15.

12. Defendants deny the allegations in Paragraphs 16 – 20 of the Complaint.

13. Regarding the allegations in Paragraphs 21 – 23 of the Complaint, Defendants assert that the referenced documents speak for themselves and deny any allegations inconsistent with said documents, as well as deny the remaining allegations in Paragraphs 21 – 23. Defendants specifically deny any discrimination, retaliation,

harassment, defamation, extortion, or other improper or illegal conduct by Defendants, as well as deny Plaintiff's alleged damages.

14. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 24 – 29 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

15. Regarding the allegations in Paragraphs 30 – 54 of the Complaint, Defendants assert that the referenced documents speak for themselves and deny any allegations inconsistent with said documents. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraphs 30 – 54 and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto. Defendants specifically deny any discrimination, retaliation, harassment, defamation, extortion, or other improper or illegal conduct by Defendants, as well as deny Plaintiff's alleged damages.

16. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 55 – 62 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

17. No response is required to Paragraph 63 of the Complaint as said paragraph calls for a legal conclusion. If a response is deemed required, Defendants deny the allegations and put Plaintiff to her strict burden of proof relative thereto.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 64 – 68 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

19. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 69 – 76 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

20. Regarding Paragraph 77 of the Complaint, Defendants re-allege and incorporate by reference the above paragraphs. Defendants specifically object to any attempt to incorporate allegations against Defendants that were contained in sections of the Complaint addressed to other parties.

21. Defendants deny the allegations in Paragraphs 78 – 81 of the Complaint.

22. No response is required to Paragraph 82 of the Complaint as said paragraph calls for a legal conclusion. If a response is deemed required, Defendants deny the allegations and put Plaintiff to her strict burden of proof relative thereto.

23. Defendants deny the allegations in Paragraph 83 of the Complaint.

24. Regarding Paragraph 84 of the Complaint, Defendants re-allege and incorporate by reference the above paragraphs. Defendants specifically object to any attempt to incorporate allegations against Defendants that were contained in sections of the Complaint addressed to other parties.

25. Defendants deny the allegations in Paragraphs 85 – 88 of the Complaint.

26. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 89 – 95 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

27. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 96 – 101 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

28. Regarding Paragraph 102 of the Complaint, Defendants re-allege and incorporate by reference the above paragraphs. Defendants specifically object to any attempt to incorporate allegations against Defendants that were contained in sections of the Complaint addressed to other parties.

29. Defendants deny the allegations in Paragraphs 103 – 107 of the Complaint.

30. No response is required to Paragraph 108 of the Complaint as said paragraph calls for a legal conclusion. If a response is deemed required, Defendants deny the allegations and put Plaintiff to her strict burden of proof relative thereto.

31. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 109 – 113 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto. Defendants specifically deny any allegations pertaining to them.

32. Regarding Paragraph 114 of the Complaint, Defendants re-allege and incorporate by reference the above paragraphs. Defendants specifically object to any attempt to incorporate allegations against Defendants that were contained in sections of the Complaint addressed to other parties.

33. Defendants deny the allegations in Paragraphs 115 – 117 of the Complaint.

34. Regarding Paragraph 118 of the Complaint, Defendants re-allege and incorporate by reference the above paragraphs. Defendants specifically object to any

attempt to incorporate allegations against Defendants that were contained in sections of the Complaint addressed to other parties.

35. Defendants deny the allegations in Paragraphs 119 – 123 of the Complaint.

36. No response is required to Paragraph 124 of the Complaint as said paragraph calls for a legal conclusion. If a response is deemed required, Defendants deny the allegations and put Plaintiff to her strict burden of proof relative thereto.

37. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 125 – 130 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

38. Regarding Paragraph 131 of the Complaint, Defendants re-allege and incorporate herein by reference the above paragraphs. Defendants specifically object to any attempt to incorporate allegations against Defendants that were contained in sections of the Complaint addressed to other parties.

39. Defendants deny the allegations in Paragraphs 132 – 136 of the Complaint.

40. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 137 – 140 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

41. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 141 – 145 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto.

42. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 146 – 151 of the Complaint and therefore deny the same and put

Plaintiff to her strict burden of proof relative thereto. Defendants specifically deny any allegations pertaining to them.

43. Defendants are without sufficient information to admit or deny the allegations in Paragraphs 152 – 157 of the Complaint and therefore deny the same and put Plaintiff to her strict burden of proof relative thereto. Defendants specifically deny any allegations pertaining to them.

44. Regarding Paragraph 158 of the Complaint, Defendants re-alleges and incorporates by reference the above paragraphs. Defendants specifically object to any attempt to incorporate allegations against Defendants that were contained in sections of the Complaint addressed to other parties.

45. Defendants deny the allegations in Paragraphs 159 – 163 of the Complaint.

46. The remainder of the Complaint contains a prayer for relief to which no response need be given. To the extent that a response may deemed to be required, Defendants deny that Plaintiff is entitled to the relief for which she has prayed or any other relief from these answering Defendants.

## **AFFIRMATIVE DEFENSES**

For their affirmative defenses, Defendants state and allege:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

2. Plaintiff's claims may be barred based on the applicable statute of limitations.

3. Plaintiff's claims against Defendants fail and/or are barred, in whole or in part, as Defendants' alleged actions were justified, legally permissible, and/or excusable.

4. Plaintiff may have failed to mitigate her alleged damages.

5. Plaintiff's Complaint may be barred based on insufficiency of service of process, lack of jurisdiction, failure to join an indispensable party, failure to give proper notice, and/or failure to exhaust administrative and state law remedies.

6. Defendants allege that the acts or omissions of Plaintiff or others over whom Defendants had no responsibility or control were the cause of any damages alleged by Plaintiff.

7. Claims against Defendants may be barred, in whole or in part, by affirmative defenses contemplated by the applicable rules, including Rule 12. The extent to which claims may be barred by one or more of said affirmative defenses, not specifically set forth above, cannot be determined until further discovery occurs. Defendants therefore incorporate herein all such affirmative defenses by reference.

8. Pending discovery, Defendants specifically allege and preserve all other applicable defenses afforded by law.

**WHEREFORE**, Defendants pray for judgment as follows;

1. Dismissing Plaintiff's First Amended Complaint against Premier Properties and Andrew Akins with prejudice;

2. Awarding Premier Properties and Andrew Akins their attorneys' fees, costs, and disbursements in this action; and

3. Granting Premier Properties and Andrew Akins such other and further relief as may be appropriate.

|                          | **FISHER BREN & SHERIDAN, LLP**                      |
|--------------------------|------------------------------------------------------|
| Dated: March 12, 2024    | By:   Amy M. Sieben                        |
|                          | Amy M. Sieben (#0326021)                             |
|                          | 920 Second Avenue South, Suite 975                   |
|                          | Minneapolis, MN 55402                                |
|                          | Telephone: 612-332-0100                              |
|                          | asieben@fisherbren.com                               |

|                          | **HANBERRY & TURNER P.A.**                           |
|--------------------------|------------------------------------------------------|
| Dated: March 12, 2024    | By:   Christopher T. Kalla                 |
|                          | Douglass E. Turner (#0279948)                        |
|                          | Christopher T. Kalla (#0325818)                      |
|                          | 33 South 6th Street, Suite 4160                      |
|                          | Minneapolis, MN 55402                                |
|                          | Telephone: 612-340-9855                              |
|                          | turner@hnclaw.com                                    |
|                          | kalla@hnclaw.com                                     |

*Attorneys for Defendants Premier Properties and Andrew Akins*