# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Claire J. Lee, | Case No. 23-CV-2652 (SRN/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| The City of Bloomington, Bloomington HRA, Premier Properties, and Andrew Akins, | |
| Defendants. | |

Pro se Plaintiff Claire J. Lee requests the Court to waive or reduce her current and future fees for accessing court records using the Public Access to Court Electronic Records ("PACER") database (ECF No. 52). Ms. Lee states that she is indigent, has difficulty accessing the free access to Pacer available at the Courthouse, and prefers to monitor her case at her local library. (*Id.*) Ms. Lee provides no authority to support her request. (*See id.*)

"PACER charges user fees to cover the costs of maintaining the service." *Blackwell v. Soc. Sec.*, No. 23-cv-1865 (JRT/JFD), 2024 WL 169107, at *1 (D. Minn. Jan. 16, 2024); *see also Frequently Asked Questions*, PACER, https://pacer.uscourts.gov/help/faqs/pricing#:~:text=search%20for%20me%3F-,Yes.,charged%20for%20any%20document%20applies (last visited June 3, 2024). Parties, including those acting pro se, "get one 'free look' at documents electronically filed and served in their case." *Blackwell*, 2024 WL 169107, at *1; *see also Electronic Public Access Fee Schedule*, U.S. Courts, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last visited June 3, 2024) (listing fees and automatic exemptions). "After the 'free look,' PACER charges a fee, but PACER fees are waived

for any user that spends less than $30 in a fiscal quarter" and all court opinions are free. *Blackwell*, 2024 WL 169107, at *1.

Courts may relieve litigants from paying PACER charges based on finding they "'have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]'" *Id.* (quoting *Electronic Public Access Fee Schedule*, *supra* ("[E]xemptions should be granted as the exception, not the rule."). The Court is sympathetic to Ms. Lee's situation, but her financial status is not, alone, sufficient for the Court to grant an exemption in this case. Ms. Lee does not allege she has been unable to receive notices of filings, and she has successfully filed numerous documents on the Court's docket. This indicates she is capable of litigating this case without a waiver, and that this case is not an exception to the normal rule against such exemptions. *See id.* (finding waiver inappropriate when pro se plaintiff did not allege he lacked access to filings and successfully filed documents on the court's docket; *See Hunter v. Bradford*, No. 4:14-CV-00613-KGB, 2014 WL 12691604, at *3 (E.D. Ark. Dec. 10, 2014) (same)). The Court thus denies Ms. Lee's request for these reasons.

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Claire J. Lee's request to waive or reduce her current and future fees for accessing court records using the Public Access to Court Electronic Records database (ECF No. [52]) is **DENIED.**

Dated: June 3, 2024                          *s/ Dulce J. Foster*
                                             Dulce J. Foster
                                             United States Magistrate Judge